UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x
VINCENT MAGUIRE,                                    :
                                                    :
                          Plaintiff,                :
                                                    :
       -against-                                    :
                                                    :         REPORT &
GREENSIDE CORP., KEL-TECH                           :         RECOMMENDATION
CONSTRUCTION, INC., VINCENT                         :         18-CV-6817 (KAM) (SMG)
KELLEHER, AND PHILLIP KELLEHER,                     :
                                                    :
                          Defendants.               :
---------------------------------------------------------------------- x
GOLD, STEVEN M., U.S. Magistrate Judge:

## INTRODUCTION

Plaintiff in this action asserts claims under the Fair Labor Standards Act ("FLSA") for

unpaid wages.  For the reasons stated below, I respectfully recommend that the case be dismissed

without prejudice unless, within the time for filing objections to this report, plaintiff indicates

that he seeks to litigate his claims.

## FACTS

Defendants have not appeared in this action, but they have apparently had settlement

discussions with plaintiff.  Pl.'s Letter dated Feb. 4, 2019, Dkt. 7.  At some point, plaintiff's

counsel advised the Court, plaintiff and defendants may have reached a settlement agreement

without the involvement of counsel.  Pl.'s Letter dated March 13, 2019, Dkt. 8.

In response to Plaintiff's March 13 letter, I scheduled a conference for March 26, 2019.  I

directed that plaintiff Maguire personally attend on pain of recommended dismissal, and that all

defendants attend on pain of recommended default.  Order dated March 14, 2019.  My intention

was to determine whether the parties had in fact agreed upon a settlement and, if so, to review

the terms of their agreement.

In two letters filed at 9:56 p.m. and 10:25 p.m. on March 25, 2019, the evening before the scheduled conference, plaintiff's counsel moved to adjourn the March 26 conference, and advised that neither he nor plaintiff would be available to attend.  Dkts. 10, 11.  According to the second letter, plaintiff could not attend because he was in Boston, and would be unavailable to attend a conference for approximately one month because of a broken leg.  No explanation was provided as to why, with a Court conference the following morning, plaintiff—a resident of Queens County according to paragraph 7 of the Complaint in this action—was in Boston, nor was any explanation provided as to why a broken leg precluded plaintiff from appearing in court for as long as a month.  In any event, and in large part because the Court's procedures require that adjournment requests be made at least two days in advance, the motions to adjourn the conference were not granted.

Although the individual defendants did not appear at the conference and the corporate defendants did not appear through counsel, an employee of the defendants did attend.  After he appeared, counsel for plaintiff was reached by telephone.  The defendants' employee confirmed the suspicions of plaintiff's counsel that plaintiff and defendants reached a settlement without the involvement of plaintiff's counsel or, apparently, counsel for defendants.  According to the defendants' employee, defendants recognize that they owe plaintiff money and have agreed to repay him, but their financial circumstances require that they pay plaintiff over time.  In response to questions from the Court, defendants' employee represented that plaintiff has not returned to work for defendants and has not been told he must withdraw his claims if he wants to be employed.

Counsel for plaintiff reported that he did not object to plaintiff having reached an agreement with his former employer, and that he was not seeking to recover any fees or costs

2

from the plaintiff.  In response to a suggestion from the Court that the most efficient way of

moving forward might be for the case to be dismissed without prejudice, counsel for plaintiff

agreed, and the employee appearing for defendants raised no objection.

### DISCUSSION

The Second Circuit has held that, absent approval from the Department of Labor or the

court, "parties may not settle FLSA claims through a private stipulated dismissal *with prejudice*"

pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  *Cheeks v. Freeport Pancake House,*

*Inc.*, 796 F.3d 199, 200 (2d Cir. 2015) (emphasis added).  Although the Second Circuit has

apparently not specifically ruled on the issue, district courts have held that the same restriction

should generally apply to Rule 41 stipulations of dismissal without prejudice.  *See Gallardo v.*

*PS Chicken Inc.*, 285 F. Supp. 3d 549 (E.D.N.Y. 2018); *Carson v. Team Brown Consulting, Inc.*,

2016 WL 11266576 (E.D.N.Y. Nov. 23, 2016), *report and recommendation adopted*, 2017 WL

4357393 (E.D.N.Y. Sept. 29, 2017).

The circumstances of the cases where *Cheeks* review was deemed required even when

stipulations of dismissal were without prejudice, however, are distinguishable from the

circumstances presented here.  First, in this case, dismissal without prejudice is being

recommended by the Court both as a sanction for failing to appear or seek an adjournment in a

timely way, and because plaintiff has apparently decided to deal with defendants directly rather

than through his counsel.  Moreover, this Court's recommendation is that the case be dismissed

without prejudice only if, within the time for filing objections to this Report, plaintiff offers the

Court no indication that he seeks to litigate his claims.  Plaintiff's failure to participate in the

litigation process—should that failure persist—would make it impossible, as a practical matter,

to move forward with the case.  In contrast, courts that have required *Cheeks* reviews even when

cases are being dismissed without prejudice have done so in the context of stipulations of dismissal entered into by the parties.

Second, as the Court aptly noted in *Carson*, two issues of particular concern to the Second Circuit in *Cheeks* were whether plaintiff was entering into an overbroad release and whether counsel for plaintiff was receiving an unreasonably large fee.  2016 WL 11266576, at *4–5.  It appears that that neither concern arises here.  Having reached an agreement without the benefit of counsel for either side, the parties presumably have not entered into any type of release, and counsel for plaintiff has represented that he is not seeking any fees or costs at all.

CONCLUSION

For the reasons stated above, I respectfully recommend that this case be dismissed without prejudice unless, within the time for filing objections to this report, plaintiff indicates that he seeks to litigate his claims.  Any objections to the recommendations made in this Report must be made within fourteen days after filing of this Report and Recommendation and, in any event, on or before April 10, 2019.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

Plaintiff's counsel is directed to promptly serve plaintiff and defendants with a copy of this Report and Recommendation at their respective last known addresses and to file proof of service with the Court.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
March 27, 2019

U:\Maguire 18-cv-6817.docx